STATE OF NORTH CAROLINA v. ROGER THOMPSON, JR.

No. 101

(Filed 5 May 1981)

**Criminal Law §§ 66.15, 66.16 — pretrial photographic identification — pretrial lineup identification — in-court identification of independent origin**

> There was no merit to defendant's contention that the in-court identification of him by a robbery victim was tainted by impermissibly suggestive photographic and lineup procedures ·prior to trial, since the photographs were presented to the victim in a bundle without any suggestion or comment by police officers; although defendant was photographed in a red shirt, it was a football jersey type shirt with lettering on it, which was not the type of shirt the victim described as the shirt the perpetrator of the crime was wearing; another person in one of the photographs was pictured wearing a light red or pink tank shirt, which more nearly matched the description of the robber's clothing; the lineup to which defendant objected consisted of six black males who were dressed identically and who were of similar appearance, height, and size; defendant was represented at the lineup by the same counsel who represented him at trial and on appeal; there was no evidence that defendant was distinguished from the other members of the lineup in any manner; and even if the photographic or lineup identification procedures were impermissibly suggestive, the victim's in-court identification was of independent origin based solely on his observations at the time of the crime, as the crime scene was well lighted at the time of the robbery, the victim was standing about two feet from the perpetrator during the entire incident, the two were facing each other at all times, and there was no covering on the perpetrator's face or head which would obscure the victim's view.

APPEAL by defendant from judgment of *Thornburg, J.,* entered at the 2 September 1980 Criminal Session of Superior Court, MECKLENBURG County.

Defendant was charged in an indictment, proper in form, and found guilty of robbery with a firearm in violation of G.S. 14-87. From the trial court's judgment sentencing him to life imprisonment, defendant appeals as a matter of right pursuant to G.S. 7A-27(a).

The State's evidence tended to show the following: On 28-29 April 1980, at approximately 12:00 a.m., two black males entered Joe's Handy Grocery on Tuckaseegee Road in Charlotte, North Carolina. The store was occupied by the owner, Joe Wray, and his employee, James Ray Wilder. One black male purchased cigarettes from Mr. Wray. The second black male then entered the store carrying a sawed-off shotgun and almost immediately shot

Mr. Wray in the back. Mr. Wray fell to the floor and never saw the man who shot him. The second male, identified at trial by Mr. Wilder as the defendant, then pointed the shotgun at Mr. Wilder and demanded the money from the cash register. Mr. Wilder testified that he was standing approximately two feet from defendant at the time of the robbery. After obtaining about $400.00 from the register, the two males fled from the store.

Mr. Wilder immediately summoned the police and described the two men in detail. He described the man who shot Mr. Wray as a black male, about six feet tall, weighing 170 or 180 pounds, dressed in dark slacks and a red t-shirt or tank shirt.

At approximately 9:00 a.m. on 29 April 1980 a police officer went to Mr. Wilder's home and handed him six color photographs in a bundle. Mr. Wilder spread them on a table and identified a photograph of defendant as the man who shot Mr. Wray and robbed the store. On 5 May 1980 Mr. Wilder went to the Mecklenburg County Jail to view a police lineup and chose defendant from six black males dressed in similar clothing as the man who shot Mr. Wray. Mr. Wilder also positively identified defendant at trial.

Defendant presented no evidence at trial.

Additional facts relevant to the decision are set forth in the opinion below.

*Assistant Public Defender Grant Smithson for defendant.*

*Attorney General Rufus L. Edmisten by Assistant Attorney General Alfred N. Salley for the State.*

COPELAND, Justice.

By his sole assignment of error, defendant contends that the trial court erred in denying his motion to suppress the in-court identification of defendant by State's witness James Ray Wilder. He argues that the in-court identification was tainted by impermissibly suggestive photographic and lineup procedures prior to trial, and was therefore admitted in violation of his constitutional due process rights. We have carefully reviewed defendant's assignment and find it without merit.

It is settled law that identification evidence must be excluded as violating the due process clause where the facts of the case reveal a pretrial identification procedure so impermissibly suggestive that there is a substantial likelihood of irreparable misidentification. *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed. 2d 1247 (1968); *State v. Wilson*, 296 N.C. 298, 250 S.E. 2d 621 (1979); *State v. Matthews*, 295 N.C. 265, 245 S.E. 2d 727 (1978), *cert. denied*, 439 U.S. 1128, 99 S.Ct. 1046, 59 L.Ed. 2d 90 (1979). Defendant argues that the photographic identification procedure during which Mr. Wilder was shown six photographs on the morning of 29 April 1980 was impermissibly suggestive in that defendant was the only individual photographed wearing a red shirt, and Mr. Wilder had previously described the perpetrator of the crime as a man dressed in a red shirt. It is defendant's belief that by showing the witness a photograph of him in a red shirt, the police induced the witness to identify defendant. In support of his contentions, defendant cites *State v. Smith*, 278 N.C. 476, 180 S.E. 2d 7 (1971), in which the Court held evidence of an out-of-court identification procedure inadmissible where the witness was taken to a jail to view the accused in the cell with two others of dissimilar appearance, before the defendant had been advised of his constitutional rights, and before the defendant was represented by counsel. The fact that the defendant alone was dressed in clothing similar to that worn by the man the witness described as the perpetrator of the crime was only one of several factors considered by the Court in ruling the identification evidence inadmissible. In addition, we note that although the Court held the evidence of the out-of-court identification inadmissible, it went on to find the in-court identification of independent origin and therefore admissible.

In the case before us, the able and experienced trial judge conducted an extensive *voir dire* hearing on defendant's motion to suppress and concluded that the photographic identification was not so impermissibly suggestive as to give rise to an irreparable mistaken identification. The testimony at the *voir dire* indicated that the photographs were presented to the witness in a bundle without any suggestion or comment by police officers. Although defendant was photographed in a red shirt, it was a football jersey type shirt with lettering upon it, which was not the type of shirt which the witness described as the shirt the perpetrator of

the crime was wearing. Another person in one of the photographs was pictured wearing a light red or pink tank shirt, which more nearly matched the description of the robber's clothing. We find the trial court's conclusion supported by competent evidence and therefore conclusive on appeal. *State v. Bright*, 301 N.C. 243, 271 S.E. 2d 368 (1980); *State v. Carson*, 296 N.C. 31, 249 S.E. 2d 417 (1978).

We likewise find conclusive the trial court's conclusion that the lineup identification procedure was not so unnecessarily or impermissibly suggestive as to result in an irreparable misidentification. The six black males presented in the lineup were dressed identically and were of similar appearance, height, and size. Defendant was represented at the lineup by the same counsel who represented him at trial and on appeal. There is no evidence that defendant was distinguished from the other members of the lineup in any manner.

Even if the photographic or lineup identification procedures could be found impermissibly suggestive, we find adequate evidence in the record to support the trial court's decision holding the in-court identification admissible as being of independent origin, based solely on Mr. Wilder's observations at the time of the crime. An in-court identification by a witness who participated in an illegal pretrial identification procedure is nevertheless admissible if the trial judge determines from the evidence presented that the in-court identification is of independent origin, based on the witness' observations at the time and scene of the crime, and thus not tainted by the pretrial identification procedure. *State v. Wilson, supra; State v. Watson*, 294 N.C. 159, 240 S.E. 2d 440 (1978); *State v. Yancey*, 291 N.C. 656, 231 S.E. 2d 637 (1977). The factors to be considered in determining whether the in-court identification of defendant is of independent origin include the opportunity of the witness to view the accused at the time of the crime, the witness' degree of attention at the time, the accuracy of his prior description of the accused, the witness' level of certainty in identifying the accused at the time of the confrontation, and the time between the crime and the confrontation. *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed. 2d 401 (1972); *State v. Headen*, 295 N.C. 437, 245 S.E.2d 706 (1978). After considering the fact of this case in light of the factors delineated above, we find the trial court's decision finding Mr. Wilder's in-

court identification of independent origin supported by clear and convincing evidence and conclusive on appeal.

Extensive evidence was presented at the *voir dire* hearing concerning the lighting in the store at the time of the robbery, Mr. Wilder's opportunity to observe the perpetrator of the crime, and the certainty of his identification. The evidence presented tended to show that the store was well lit at the time of the robbery, that Mr. Wilder was standing about two feet from the perpetrator during the entire incident, and that the two were facing each other at all times. There was no covering on the perpetrator's face or head which would obscure the witness' view. The evidence further tended to show that Mr. Wilder identified defendant without hestitation after both pretrial identification procedures and at trial. The trial court's rulings on defendant's motion to suppress were supported by substantial evidence, and defendant's assignment of error is overrruled.

Defendant received a fair trial free from prejudicial error and we find

No error.