STATE OF NORTH CAROLINA v. WAYNE EURE

No. 828SC1018

(Filed 5 April 1983)

1. **Criminal Law § 66.16— pretrial photographic identifications—competency of in-court identification**

   Discrepancies in testimony by a victim of an attempted robbery concerning the relative heights of the defendant and an accomplice go to the weight rather than the competency of his identification testimony, and the victim was properly permitted to make an in-court identification of defendant where the trial court found upon supporting voir dire evidence that pretrial photographic identification procedures were not unnecessarily suggestive and that the in-court identification was of independent origin and not tainted by any pretrial photographic showing.

2. **Robbery § 4.4— attempted common law robbery—sufficiency of evidence**

   The State's evidence was sufficient for the jury in a prosecution for attempted common law robbery where it tended to show that defendant entered

State v. Eure

the store where the victim was working, jumped over the counter and began beating the victim, unsuccessfully tried to open the cash register, took the victim by the arm and threatened to kill him unless he opened the register, and then ran out of the store before the victim could open the register.

**3. Criminal Law § 138— sentence for attempted common law robbery—improper findings of aggravating factors**

In imposing a sentence for attempted common law robbery, the trial judge erred in finding as an aggravating factor that defendant "brutally, unmercifully and without cause, beat [the victim] with his fist" since the same evidence necessary to support it was also necessary to prove the violence element of attempted common law robbery; furthermore, the trial judge also erred in finding as an aggravating factor that "at the time of the beating and attempted robbery of the business cash register, [the victim] was threatened by defendant" since this factor incorrectly considers the same evidence necessary to prove the element of attempted common law robbery that the victim was put in fear. G.S. 15A-1340.4(a)(1).

APPEAL by defendant from *Stevens, Judge.* Judgment entered 5 May 1982 in Superior Court, WAYNE County. Heard in the Court of Appeals 15 March 1983.

This appeal by the defendant results from a conviction of attempted common law robbery.

The State's chief witness was Herbert Dantzler, the proprietor of a Friendly Mart in Mount Olive. He testified on voir dire and in the presence of the jury that on the early morning of 30 December 1981, he was attacked.

According to Dantzler, two black men came into the store. One was taller than the other and both were dressed similarly in a toboggan and long overcoat.

The taller man approached Dantzler and ordered two hot dogs. After Dantzler prepared the hot dogs, the man indicated that he did not have any money. Both men then left the store.

The tall man reentered the store a few minutes later and indicated that he now had money. He then jumped over the counter and began beating Dantzler.

When Dantzler told him to take what he wanted, the tall man got up and unsuccessfully tried to open the cash register. He took Dantzler by the arm and threatened to kill him unless he opened the register. Before Dantzler could open the register, the man ran out of the store.

On the night of the beating, Dantzler told police that his assailant was tall, black, and in his early twenties. While in the hospital on the following day, Dantzler viewed a photo lineup of four or five men presented by Officer Larry Riggle. Dantzler recognized no one in the lineup.

After Dantzler left the hospital, Riggle showed him a photo lineup with six pictures. He recognized the defendant in it.

A third photo lineup occurred about one week later. Dantzler again picked out the defendant.

Dantzler described the tall man as 6'1" or 6'2" and the short man as 5'10" or 5'11". He testified that although both men were in the store the first time for a few minutes, he did not give much attention to the shorter man.

When Dantzler saw Henry Durham in court, he said that Durham appeared similar to the man who was with the defendant on the night of the alleged crime. Although he earlier had described Durham as the short man, Dantzler acknowledged that Durham was taller than the defendant when he saw them stand together in court.

The trial judge denied the defendant's motion to suppress the in-court identification of him at the conclusion of voir dire.

Durham, who was given immunity by the District Attorney for his testimony, testified that on the night of the crime he came out of the store and met the defendant. The two of them went into the store at the defendant's suggestion and the defendant ordered two hot dogs. When the defendant leaped over the counter, Durham left the store. As Durham walked away from the store, the defendant ran by him. Durham saw the defendant grab Dantzler but did not see him hit Dantzler.

Durham saw the defendant about fifteen or twenty minutes later and asked him what was happening. The defendant did not answer.

Mitchell Anderson testified that on the night of the crime, he and two friends saw two men running about fifty or sixty yards from the store. They saw that Dantzler had been beaten when they entered the store. Anderson could not identify the two men.

Officer Riggle testified that he investigated this incident. Riggle's testimony about Dantzler's statement on the night of the crime and the three photo lineups was consistent with Dantzler's testimony.

Wayne County Deputy Sheriff Glenn Odom testified that Durham gave a statement on 15 January 1982 that was consistent with his trial testimony.

At the close of the State's evidence, the trial judge dismissed the armed robbery charge.

The defendant testified on his own behalf. He stated that Durham suggested going to the store on the night of the crime. According to the defendant, Durham ordered the hot dogs, approached the counter, and left when he could not find any money. The defendant left with him.

Durham went back in the store alone. When the defendant entered a few minutes later, Durham and Dantzler were struggling on the floor. The defendant ran from the store at about the same time as Durham.

When the defendant saw Durham about thirty minutes later, he told him that he did not like what was going on. Durham asked him to keep a .38 caliber gun, which the defendant later lost.

The defendant testified that he never got closer to Dantzler than the other side of the counter and that Durham did all the talking in the store. The defendant added that his testimony was consistent with a statement that he earlier gave to two officers.

At the close of all the evidence, the trial judge decided to submit only the charge of attempted common law robbery to the jury. Both sides agreed that this was the only proper possible jury verdict. The charge of assault inflicting serious injury was not submitted because it might confuse the jury.

The defendant's motions for a mistrial and to dismiss were denied.

The jury returned a guilty verdict to attempted common law robbery. After the verdict, the defendant's motions to set aside the verdict as being against the greater weight of the evidence and for a new trial were denied.

The trial judge gave the defendant a sentence of ten years after finding certain aggravating and mitigating factors. From the verdict and the sentence imposed, the defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Sarah C. Young, for the State.*

*John P. Edwards, Jr., for defendant appellant.*

ARNOLD, Judge.

I. *In-court identification*

[1] The defendant first argues that the in-court identification of him by Dantzler should have been suppressed. He contends that because Dantzler said that Durham was the shorter of the two men who came into the store on the night of the crime, when Durham is actually taller than the defendant, his testimony is unreliable. We disagree.

First, we note that the three showings of photographs to Dantzler were proper. The trial judge conducted an extensive voir dire hearing on the defendant's motion to suppress and concluded that the photographic identification procedure was not so unnecessarily suggestive and conducive to irreparably mistake identity as to violate the defendant's right to due process of law.

Second, he also concluded that based on clear and convincing evidence, the in-court identification was of independent origin of any taint in the photographic showing. Because we find competent evidence to support both of his conclusions, they are conclusive on appeal. *State v. Thompson,* 303 N.C. 169, 172-73, 277 S.E. 2d 431, 433-34 (1981).

As for any discrepancies in Dantzler's testimony about the relative heights of the defendant and Durham, those inconsistencies go to the weight rather than the competency of his testimony and are thus a matter for the jury. *State v. Satterfield,* 300 N.C. 621, 630, 268 S.E. 2d 510, 517 (1980).

II. *Motions to dismiss*

[2] The defendant next argues that his motions to dismiss should have been granted. In passing on a motion to dismiss, it is the court's duty to ascertain if there is substantial evidence of each

essential element of the offense charged. *State v. Hutchins*, 303 N.C. 321, 344, 279 S.E. 2d 788, 803 (1981). "Substantial evidence" is defined as that amount of relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *State v. Fletcher*, 301 N.C. 709, 712, 272 S.E. 2d 859, 860-61 (1981).

The evidence must be interpreted in the light most favorable to the State, drawing all reasonable inferences in the State's favor. *State v. Porter*, 303 N.C. 680, 685, 281 S.E. 2d 377, 381 (1981). Applying these standards to the facts before us, we hold that the motions to dismiss were properly denied.

Common law robbery is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will by violence or putting him in fear. *State v. Rogers*, 273 N.C. 208, 211, 159 S.E. 2d 525, 527 (1968). It is not necessary to prove both violence and putting him in fear—proof of *either* is sufficient. *State v. Moore*, 279 N.C. 455, 458, 183 S.E. 2d 546, 547 (1971) (emphasis in original).

Before a defendant can be found guilty of an attempt to commit a crime, two things must be shown. First, the intent to commit the substantive offense, and second, an overt act done for that purpose which goes beyond mere preparation but falls short of the completed offense. *State v. Smith*, 300 N.C. 71, 79, 265 S.E. 2d 164, 169-70 (1980).

There is substantial evidence here of each essential element of attempted common law robbery. The testimony of Dantzler and Durham shows the defendant's intent to take money from Dantzler by violence. Both of those witnesses also testified that the defendant jumped over the counter and struggled with Dantzler, which is an overt act toward the commission of robbery.

III. *Sentence*

[3]   Finally, the defendant attacks his sentence as excessive. G.S. 14-87.1 provides that attempted common law robbery is punishable as a Class H felony. The presumptive sentence for a Class H felony under G.S. 15A-1340.4(f)(6) is three years. But the trial judge gave a ten-year sentence, the maximum under G.S. 14-1.1, based on certain aggravating factors.

The trial judge made the following comments as an aggravating factor:

16. Additional written findings of factors in aggravation.

That the Court has considered each of the aggravating and mitigating factors specifically listed in the statutes and in addition, has considered the aggravating and mitigating factors that are reasonable [sic] related to the purposes of sentencing. Therefore, the Court finds by a preponderence [sic] of the evidence that the victim Herbert Dantzler, age 54, who appears to be frail and aged beyond his years, has suffered severe personal injury by the defendant, Wayne Eure, age 28, a person who appears to be strong and in excellent physical condition, and who brutally, unmercifully and without cause, beat Dantzler with his fist. That as a result, Dantzler suffered broken bones and injury to his eye for which he was hospitalized for a week. That because of these injuries he has not been able to return to his employment and from which he may never recover. That at the time of the beating and attempted robbery of the business cash register, Dantzler was threatened by the defendant. That the foregoing constitutes an aggravating factor in that it relates to punishment commensurate with the injury of the offense caused, taking into account factors that may diminish or increase the defendant's culpability. That in addition, it provides a general detearent [sic] and criminal behavior, there having been a rash of robberies, break-ins, and the like in this particular area having become a problem to the community in general.

The fact that the defendant has no record of criminal convictions was found to be the one mitigating factor.

The propriety of this sentence is determined by application of G.S. 15A-1340.1 to -1340.7, the Fair Sentencing Act. G.S. 15A-1340.4(a) requires a trial judge who imposes a sentence other than the presumptive term to consider "any aggravating and mitigating factors that he finds are proved by the preponderance of the evidence, and that are reasonably related to the purposes of sentencing." To impose a sentence greater than the presumptive term, the trial judge must find that the factors in aggravation outweigh those in mitigation. G.S. 15A-1340.4(b).

The defendant argues that the factor in aggravation stated by the trial judge was primarily a reiteration of one of the

necessary elements of attempted common law robbery, i.e., the attempt to take money or valuable goods by violence. This is expressly proscribed by G.S. 15A-1340.4(a)(1). He also contends that part of the aggravating factor was based on the trial judge's personal observation and not supported by evidence introduced at the trial or sentencing hearing.

We find that the trial judge incorrectly found as an aggravating factor that the defendant "brutally, unmercifully and without cause, beat Dantzler with his fist." This factor is erroneous because the same evidence necessary to support it was also necessary to prove the violence element of attempted common law robbery.

It was also error to find as an aggravating factor that "at the time of the beating and attempted robbery of the business cash register, Dantzler was threatened by the defendant." This factor incorrectly considers the same evidence necessary to prove the element of attempted common law robbery that the victim was put in fear.

Although most of what the trial judge found as aggravating was correct, we must remand for resentencing even if only one factor was incorrectly considered. Our Supreme Court recently addressed this problem.

In *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983), the Court held that in every case in which it is found that the judge erred in a finding or findings in aggravation and imposed a sentence beyond the presumptive term, the case must be remanded for a new sentencing hearing. *Ahearn* rejected the holding of a number of Court of Appeals cases that required the defendant to show prejudice from any improper consideration of factors.

A court on appeal cannot know what relative weight a trial judge gave to the proper and improper factors. Because the weight of each factor contributes to the severity of the sentence, the sentencing judge is in the best position to reevaluate the severity of the sentence in light of the adjustment.

As *Ahearn* stated, "Certainly there will be many cases where, on remand, the trial judge will properly reach the same result absent the erroneous finding. We repeat that the weight to

be given any factor is within the sound discretion of the sentencing judge." 307 N.C. at 602, 300 S.E. 2d at 700-01. *See also, State v. Davis,* 58 N.C. App. 330, 333-34, 293 S.E. 2d 658, 661 (1982).

We note with approval the learned trial judge's quotation from the statute in the aggravating factor. But in light of *Ahearn,* we are forced to remand this case for resentencing under this relatively new sentencing procedure.

No error in the trial. Remanded for resentencing.

Judges BECTON and PHILLIPS concur.