STATE OF NORTH CAROLINA v. THEODORE NICHOLS

No. 836SC598

(Filed 7 February 1984)

1. **Criminal Law § 138— aggravating factor—infliction of serious bodily injury— sufficiency of evidence**

   The trial court's finding as a factor in aggravation that defendant inflicted serious bodily injury upon a robbery victim was supported by a preponderance of the evidence where the evidence showed that defendant participated with two other persons in a brutal assault upon the victim, and that as a result thereof, the victim had several stitches in his face, developed pneumonia, and suffered injuries to his arm and back.

2. **Criminal Law § 138— inflicting serious bodily injury—propriety as aggravating factor for robbery**

   In imposing a sentence for common law robbery, the trial court could properly find as an aggravating factor that defendant inflicted serious bodily

injury upon the victim since serious injury is not an element of common law robbery, and such factor is reasonably related to the purposes of sentencing.

**3. Criminal Law § 138— lack of prior convictions as mitigating factor — insufficient evidence**

An unsworn statement by defendant's attorney in his final argument on sentencing that defendant did not have a criminal record was insufficient to require the court to find defendant's lack of a prior criminal conviction as a mitigating factor.

APPEAL by defendant from *Brown, Judge*. Judgment entered 23 March 1983 in Superior Court, BERTIE County. Heard in the Court of Appeals 11 January 1984.

The defendant appeals from the imposition of more than the presumptive sentence. The defendant pled guilty to common law robbery. The evidence at the sentencing hearing showed that on 9 February 1983, Charlie Lyons, a resident of Bertie County, was accosted by the defendant and two other persons while he was walking along a highway. The defendant and his two companions gave Mr. Lyons a severe beating. The defendant hit him with brass knuckles beside his left eye. Mr. Lyons was knocked to the ground and dragged to the side of the road where his assailants kicked him, beat him with their fists, and removed all his clothes. One of them took Mr. Lyon's watch and $75.00. He was left lying in the ditch.

Mr. Lyons was taken to the hospital where several stitches were put in his face. At the time of the hearing, he was having trouble moving his arm, his back still hurt, and he had blurred vision. He developed pneumonia as a result of the experience and was hospitalized for seven days. The defendant during the incident said, "Let's drag him out of the road" which was done. As they were beating Mr. Lyons one of them said, "let's kill him." The defendant said "don't kill him."

The court found as an aggravating factor that "the defendant inflicted serious bodily injury upon the victim." It found as a mitigating factor that "at an early stage of the criminal process the defendant voluntarily acknowledged wrong-doing in connection with the offense to a law enforcement officer." It concluded that the factor in aggravation outweighed the factor in mitigation and imposed an active sentence in excess of the presumptive sentence.

The defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Archie W. Anders, for the State.*

*W. Rob Lewis, II for defendant appellant.*

WEBB, Judge.

[1]  The defendant first argues that there is not a preponderance of evidence to support the finding of the aggravating factor. He says this is so because the defendant told the others to drag Mr. Lyons from the road, that the record shows defendant hit Mr. Lyons only once and that he told the other two not to kill Mr. Lyons. The record is not clear that defendant hit Mr. Lyons only once. It is clear that he struck the first blow. Mr. Lyons testified that "they beat me." We believe the inference from this is that all three did so. We do not believe the fact that the defendant told the others to drag Mr. Lyons from the road is helpful to him. They removed him from the road and continued the assault. The evidence that defendant told the others not to kill Mr. Lyons, while favorable to defendant, does not weaken other evidence against him. This evidence shows that the defendant participated with two other persons in a brutal assault against Mr. Lyons. As a result, Mr. Lyons had several stitches put in his face, developed pneumonia, and suffered injuries to his arm and back. We believe the evidence supported the finding of the aggravating factor.

[2]  The aggravating factor found by the judge is not one of those set forth in G.S. 15A-1340.4(a)(1). The court can use such a factor if it reasonably relates to the purposes of sentencing. The defendant, relying on *State v. Medlin*, 62 N.C. App. 251, 302 S.E. 2d 483 (1983) and *State v. Eure*, 61 N.C. App. 430, 301 S.E. 2d 452 (1983), argues that the aggravating factor is not reasonably related to the purposes of sentencing. In *Medlin* this Court held that when the defendant pled guilty to assault with a deadly weapon with intent to kill inflicting serious injury, the sentencing judge could not use as an aggravating factor "that the victim suffered very severe physical disability." 62 N.C. App. at 255-256, 302 S.E. 2d at 486. This Court said the General Assembly, in classifying the offense of assault with a deadly weapon inflicting serious injury, did

not require consideration of the injury inflicted beyond the requirement that it be serious. Since the seriousness of the injury was taken into account by the General Assembly when it prescribed the punishment, it should not be used as an aggravating factor. In a common law robbery case, there is not an element of serious injury. If there is serious injury in a common law robbery, we do not believe *Medlin* is authority that it cannot be used as an aggravating factor.

In *State v. Eure, supra,* the court found as an aggravating factor that the victim in a common law robbery case suffered a severe personal injury when the defendant brutally and unmercifully and without cause beat him with his fist and that the defendant had threatened the victim during the robbery. This Court held it was error to find as aggravating factors that the defendant threatened the victim or that he brutally, unmercifully and without cause beat him with his fists. This court held that it was error to find these aggravating factors because the evidence to support them was necessary to prove an element of the offense. This Court did not hold that the serious injury aggravating factor in a common law robbery case was improperly found.

Serious injury is not an element of common law robbery. We believe the fact that the victim suffered serious injury in this case makes it a worse crime than it would otherwise have been, and it is reasonably related to the purposes of sentencing. We hold that Judge Brown properly found this aggravating factor.

[3] In his second assignment of error the defendant argues that it was error for the court not to find as a mitigating factor his lack of a criminal conviction. *State v. Jones,* 309 N.C. 214, 306 S.E. 2d 451 (1983) holds that if there is uncontradicted credible evidence as to a mitigating factor listed under G.S. 15A-1340.4 (a)(2), the court must make a finding as to that factor. No record of criminal convictions is a mitigating factor listed under that section. In this case there was not a stipulation as to no criminal record nor was there any testimony to that effect. The defendant's attorney in his final argument on sentencing stated the defendant did not have a criminal record. We do not believe an unsworn statement by an attorney is such uncontradicted credible evidence as to require the court to find a mitigating factor. *See State v. Thompson,* 309 N.C. 421, 307 S.E. 2d 156 (1983).

Affirmed.

Judges WELLS and WHICHARD concur.