State v. Yarn

STATE OF NORTH CAROLINA v. JEROME YARN

No. 835SC609

(Filed 20 March 1984)

1. Criminal Law § 66.16— in-court identification—independent origin from photographic identification—sufficiency of evidence

The evidence was sufficient to support the trial court's determination that a burglary victim's in-court identification of defendant was of independent origin and not tainted by a pretrial photographic identification where the victim testified: the intruder was in her presence for 10-15 minutes; for part of that time, the intruder attempted to cover his face, but she nevertheless observed the intruder's face while he squatted at the foot of her couch for more than seven minutes; her attention was focused directly on the intruder's face during these seven minutes; the intruder could be seen in the light of a hall light and an outside street light; she recognized the intruder as someone she had seen before in the vicinity of her trailer park; and she had described the intruder previously to the police as a big black man that she had seen before in the trailer park.

2. Criminal Law § 89.2— evidence competent for corroboration

Evidence concerning the sheriff's response to a vandalism call at the victim's trailer park a month after the burglary in question was properly admitted where its purpose was to illustrate testimony as to the location of windows in an office of the trailer park from which a witness saw defendant on the date in question and not to link defendant with that vandalism.

3. Criminal Law § 138— sentencing hearing—court's inadvertent reference to wrong crime

Defendant was not prejudiced by the trial court's inadvertent reference at the sentencing hearing to the defendant having been convicted of first degree rape when in fact defendant was convicted of first degree burglary.

APPEAL by defendant from *Lane, Judge.* Judgment entered 7 October 1982 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 12 January 1984.

Defendant was tried on charges of first degree burglary during the 5 October 1982 criminal session of New Hanover County Superior Court. The State's evidence tended to show that during the early morning hours of 10 March 1982, defendant broke and entered the trailer of Mrs. Mickie Hasty, with the intent to commit a felony therein, to wit: rape. Defendant denied the commission of the crime and presented an alibi defense. The jury returned a guilty verdict, and defendant received a twenty year sentence. Defendant appeals.

*Attorney General Edmisten, by Associate Attorney Newton G. Pritchett, Jr., for the State.*

*Sperry, Scott, Cobb & Cobb, by W. Allen Cobb, Jr., for defendant-appellant.*

EAGLES, Judge.

[1] Defendant first assigns as error that the trial judge improperly admitted an in-court identification of defendant by Mrs. Hasty. Defendant contends that, in light of a pretrial photographic lineup that Mrs. Hasty viewed, the State did not present sufficient evidence to show that Mrs. Hasty's in-court identification of defendant as the perpetrator of the crime was of independent origin. We do not agree.

Identification evidence must be excluded as violating the due process clause where the facts of the case reveal a pretrial identification procedure so impermissibly suggestive that there is a substantial likelihood of irreparable misidentification. *Simmons v. United States,* 390 U.S. 377 (1968); *State v. Chatman,* 308 N.C. 169, 301 S.E. 2d 71 (1983). Even if pretrial photographic or lineup identification procedures are found to be impermissibly suggestive, an in-court identification by a witness who participated in the pretrial identification procedure is nevertheless admissible "if the trial judge determines from the evidence presented that the in-court identification is of independent origin, based on the witness' observations at the time and scene of the crime, and thus not tainted by the pretrial identification procedure." *State v. Thompson,* 303 N.C. 169, 172, 277 S.E. 2d 431, 434 (1981). Factors to consider in determining whether the in-court identification was of independent origin include:

(1) The opportunity of the witness to view the accused at the time of the crime;

(2) The witness' degree of attention at the time;

(3) The accuracy of the witness' prior description of the accused;

(4) The witness' level of certainty in identifying the accused at the time of the confrontation; and

(5) The time between the crime and the confrontation.

*State v. Thompson, supra.*

Here, during a *voir dire* hearing on the admissibility of an in-court identification of the defendant by Mrs. Hasty, the court heard testimony concerning a previous photographic lineup viewed by Mrs. Hasty. The court declined to admit testimony concerning the photographic lineup and refused to allow a file folder containing seven of the photographs shown at the previous photographic lineup to be admitted into evidence because it did not contain all of the photographs shown to Mrs. Hasty. There was no finding that the pretrial photographic lineup was impermissibly suggestive; but even if there had been, there was competent evidence to support the trial judge's finding that Mrs. Hasty's in-court identification of defendant was of independent origin, untainted by the pretrial identification procedure. The State presented competent evidence through Mrs. Hasty's testimony to show: that the intruder was in her presence for ten to fifteen minutes on 10 March 1982; that, for part of that time, the intruder attempted to cover his face; that she nevertheless observed the intruder's face while he squatted at the foot of her couch for more than seven minutes; that her attention was focused directly on the intruder's face during these seven minutes; that the intruder could be seen in the light of a hall light and an outside street light; that she recognized the intruder as someone that she had seen before in the vicinity of her trailer park; and that she had described the intruder previously to the police as a big black man that she had seen before in the trailer park. This evidence is sufficient to support the trial judge's conclusion of law that Mrs. Hasty's in-court identification of defendant was of independent origin and was admissible. *State v. Thompson, supra.* Because we hold that the in-court identification was admissible, we also find no merit in defendant's contention that the trial judge improperly denied defendant's motion for a directed verdict based on improper admission of this identification.

[2] Defendant assigns as error the trial court's admission of evidence concerning the sheriff's response to a vandalism call at Mrs. Hasty's trailer park one month after the crime for which defendant was being tried. This evidence was admitted, not to show that vandalism took place in April of 1982 nor to link defendant with that vandalism, but to illustrate prior testimony as

to the location of windows in an office at the trailer park that would allow a view of the trailer in which defendant lived. The owner of the trailer park had testified that, while looking out his office window, he had seen defendant leave his trailer between 8:00 a.m. and 8:30 a.m. on 10 March 1982, which contradicted defendant's alibi testimony. Since defendant had challenged the owner's testimony that he could see the trailer from the office building, evidence to show the location of windows in the office was relevant. We note that the trial judge instructed the jury not to consider any matter with reference to the alleged vandalism. Absent any evidence of a change in the condition of the premises between March 1982 and April 1982, we find that testimony to show where windows were located in the office in April of 1982 was not too remote to be material to the question of where the windows were in March of 1982. There was no error in admitting this testimony.

[3] Defendant assigns as error the fact that the trial judge, at the sentencing hearing, inadvertently referred to the defendant having been convicted of first degree rape when in fact the defendant was found guilty of first degree burglary. The judgment of record in this case clearly stated that the defendant was convicted of first degree burglary. The trial judge in his instructions and in every other reference to the charge properly identified the charge as first degree burglary. This was clearly a nonprejudicial misstatement, a *lapsus linguae,* made after guilt had been determined and the sentencing hearing had been completed. Since no prejudice resulted, we find no error in the sentencing phase of defendant's trial.

We have carefully examined defendant's remaining assignments of error and find them to be without merit.

No error.

Judges HEDRICK and BRASWELL concur.