STATE OF NORTH CAROLINA v. HOSEA LEVERN McNAIR

No. 8316SC1190

(Filed 4 September 1984)

1. Criminal Law § 66.11— pretrial showup—no likelihood of misidentification

   The use of an unnecessarily suggestive pretrial showup when police brought defendant to a burglary and assault victim's home did not create a substantial likelihood of misidentification so as to require exclusion of the victim's in-court identification of defendant where the victim had ample opportunity to view her assailant at the time of the crimes; she accurately described defendant's height, race, clothing, weight and age; and only a few hours elapsed between the crimes and the pretrial identification.

2. Criminal Law § 86.5— impeachment of defendant—prior criminal acts—good faith basis

   The State had a good faith basis for asking defendant on cross-examination whether he was involved in opening coin-operated machines and selling cookies and candies taken from them where the State had obtained information from people living in the community that they had seen defendant in possession of a large number of packages taken from coin-operated machines and that defendant was attempting to sell the packages.

---

---

APPEAL by defendant from *Lewis (John B.)*, *Judge*. Judgments entered 16 June 1983 in Superior Court, ROBESON County. Heard in the Court of Appeals 22 August 1984.

Defendant was charged in proper bills of indictment with second degree burglary and assault inflicting serious injury. He was found guilty of second degree burglary and assault on a female. From judgments imposing a twenty-five-year prison term for burglary and a two-year term for assault on a female, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Kaye R. Webb, for the State.*

*Gary Lynn Locklear for defendant, appellant.*

HEDRICK, Judge.

[1]  Defendant brings forward and argues two assignments of error. First he contends that the court erred in admitting into evidence the in-court identification of the defendant, arguing that the identification was "tainted" by an impermissibly suggestive out-of-court identification.

The record shows that Mrs. Alford, the prosecuting witness, provided police with a description of her assailant, and that within a few hours the police returned to Mrs. Alford's home with the defendant. Mrs. Alford then identified defendant, who was standing on her porch, as the man who had attacked her. Mrs. Alford again identified defendant as her attacker at trial. Following *voir dire* on the matter, the trial judge upheld the admission of both identifications over defendant's allegations that impermissibly suggestive procedures had been utilized.

Defendant correctly contends that the United States Supreme Court has held that pretrial identification procedures which are "unnecessarily suggestive and conducive to irreparable mistaken identification" amount to denial of due process of law. *Stovall v. Denno*, 388 U.S. 293, 302, 18 L.Ed. 2d 1199, 1206, 87 S.Ct. 1967, 1972 (1967). Our courts have recognized that "show ups" are inherently suggestive, *State v. Matthews*, 295 N.C. 265, 245 S.E. 2d 727 (1978), *cert. denied*, 439 U.S. 1128, 59 L.Ed. 2d 90, 99 S.Ct. 1046 (1979), and the State does not contend that use of

this suggestive procedure was made necessary by any circumstances peculiar to the instant case. Use of unnecessarily suggestive identification procedures does not require exclusion of identification testimony, however, unless those procedures created a "substantial likelihood of misidentification." *Neil v. Biggers*, 409 U.S. 188, 201, 34 L.Ed. 2d 401, 412, 93 S.Ct. 375, 383 (1972). In determining whether an identification possesses sufficient reliability to support a conclusion that no such likelihood of mistake exists, the following factors are to be considered:

> . . . the opportunity of the witness to view the accused at the time of the crime, the witness' degree of attention at the time, the accuracy of his prior description of the accused, the witness' level of certainty in identifying the accused at the time of the confrontation, and the time between the crime and the confrontation.

*State v. Thompson*, 303 N.C. 169, 172, 277 S.E. 2d 431, 434 (1981) (citing *Neil v. Biggers*, 409 U.S. 188, 34 L.Ed. 2d 401, 93 S.Ct. 375 (1972)).

In the instant case the court found the following facts:

> That on the 20th of January, 1983, the prosecuting witness entered her home, turned on the light and was immediately confronted by a person from whom she was but a few inches for a period of time, during which the person spoke to her; that she saw him thereafter on movement in the house into different rooms and back, during which several minutes elapsed, in a lighted space, and on several occasions the defendant was a matter of inches from the face of the person in the house; that she observed his height, weight and clothing, and described his race and age of the person; that, thereafter, the person was brought back to her home within a matter of hours, whom she described to be at that time the person who had first confronted her in her home.

These findings of fact are supported by substantial evidence in the record and are thus conclusive on appeal. *State v. Hammond*, 307 N.C. 662, 300 S.E. 2d 361 (1983). We hold that these findings in turn support the court's conclusion of law that evidence regarding Mrs. Alford's identification of defendant was proper and admissible. The witness had ample opportunity to

view her assailant at the time of the crime. She accurately described defendant's height, race, clothing, weight, and age. Finally, only a few hours elapsed between the crime and the identification. We believe these facts support the conclusion that there was no "substantial likelihood of misidentification" under the circumstances. The assignment of error is overruled.

[2] Defendant next contends that the court erred in permitting the State to cross-examine defendant for impeachment purposes about prior criminal acts. Defendant objects to the following question put by the State:

> Q. The two of you—three of you all weren't involved in opening of coin-operated machines and taking cookies and candies out of them and selling them?

On objection by defendant, the trial court conducted an inquiry out of the presence of the jury on the issue of the State's good faith basis for the question. The State claimed the information had been obtained from "people who live in the community" in the course of investigating the offenses charged in the instant case, that these people had observed defendant in possession of a large number of packages obtained from coin-operated machines, and that defendant was attempting to sell the packages. We think the court correctly held this information sufficient good faith basis for inquiring about defendant's prior acts and hold in any event that the question was not prejudicial to defendant, since the record shows that defendant denied the acts referred to in the challenged question. *State v. Black*, 283 N.C. 344, 196 S.E. 2d 225 (1973).

No error.

Chief Judge VAUGHN and Judge WELLS concur.