STATE OF NORTH CAROLINA v. DAVID LEE SMITH, JR.

No. 8421SC133

(Filed 5 February 1985)

1. **Criminal Law § 66.8— photograph after defendant's lawful detention—pretrial identification not prejudicial**

   A photograph taken of defendant after he was lawfully detained was not taken in violation of his Fourth and Fourteenth Amendment rights, and pretrial identifications of defendant by two witnesses who viewed the photograph were not prejudicial.

2. **Criminal Law § 66.9— photographic identification by victim—procedure not suggestive**

   A pretrial identification of defendant by a kidnapping victim was not the result of a suggestive procedure where the victim was with defendant for an hour during full daylight at the time of the crime; she observed defendant's face unobtrusively for 10 or 15 minutes with the intention that she would later identify him; within a few minutes after reporting the crimes the witness viewed three to four hundred photographs, but defendant's was not among them; seven or eight hours after reporting the incident, the victim viewed six photographs and identified one as that of defendant; all of the photographs were of black males similar in appearance; and there was no distinguishing characteristic to defendant's photograph and no intimation as to which photograph the victim should pick.

3. **Criminal Law § 66.9— photographic identification—procedure not suggestive**

   The trial court did not err in admitting into evidence a pretrial identification of defendant by a witness who observed him and had a 30 second conversation with him while he was in the company of his kidnapping victim during full daylight, since the witness chose, without any suggestion from the presenting officer, defendant's photograph from among six photographs placed before him.

State v. Smith

APPEAL by defendant from *Lewis, Judge.* Judgment entered 5 October 1983 in Superior Court, FORSYTH County. Heard in the Court of Appeals 15 October 1984.

Defendant, David Lee Smith, Jr., was charged with carrying a concealed weapon, robbery with a dangerous weapon and second degree kidnapping. On 3 October 1983, defendant entered a plea of guilty to the charge of carrying a concealed weapon and a plea of not guilty to robbery with a dangerous weapon and second degree kidnapping. A jury found defendant guilty of robbery with a dangerous weapon and second degree kidnapping. Defendant was sentenced to fourteen years imprisonment on the charge of robbery with a dangerous weapon, eight years imprisonment on the charge of second degree kidnapping and six months imprisonment on the charge of carrying a concealed weapon. The fourteen years imprisonment for robbery with a dangerous weapon and the eight years imprisonment on the charge of second degree kidnapping are to run consecutively; the six months imprisonment for carrying a concealed weapon is to run concurrently with the eight years imprisonment for second degree kidnapping. From the verdict and sentences on the charges of robbery with a dangerous weapon and second degree kidnapping, defendant appeals.

*Attorney General Edmisten, by Associate Attorney General J. Allen Jernigan, for the State.*

*L. G. Gordon, Jr. and Mallory M. Barber, for defendant appellant.*

JOHNSON, Judge.

Defendant presents three questions for review: (1) whether the trial court erred in denying defendant's motion to suppress the pre-trial and trial identification made by the State's witness, Cheryl Jones; (2) whether the trial court erred in denying defendant's motion to suppress the pre-trial identification made by the State's witness, Edward Armstrong; (3) whether the trial court erred in allowing extraneous matters to be covered during rebuttal evidence offered by the State and in allowing repetitious matters to be admitted during rebuttal. For the reasons set forth below, we find no prejudicial error.

The State's evidence tended to show that Cheryl Jones, after leaving work, was proceeding to Zayres. After she stopped her

car, a black male forced his way by gunpoint into her car and told her to drive. Ms. Jones further testified that the black male was seated on the passenger side of the car and was in her presence for about an hour. She later identified the defendant as the black male that forced his way into her car. Ms. Jones testified that when she looked to see if a car was approaching she could see the defendant's entire body and that she observed his facial features for ten or fifteen minutes. The entire episode occurred in the afternoon during daylight hours.

The State's evidence further showed that Edward Armstrong had an opportunity to observe Ms. Jones and the defendant together. Defendant was within fifteen feet of Mr. Armstrong. The encounter, which consisted of a short conversation, occurred during daylight hours and lasted about thirty seconds. Mr. Armstrong later identified the defendant from about five or six photographs he examined.

[1] Defendant first assigns error to the trial court's denial of his motion to suppress the pre-trial and trial identifications made by Cheryl Jones and Edward Armstrong. Defendant contends that the pre-trial identifications made by Cheryl Jones and Edward Armstrong constituted prejudicial error and violated the defendant's rights against unreasonable search and seizure guaranteed by the Fourth and Fourteenth Amendments. Defendant cites *State v. Accor and State v. Moore*, 277 N.C. 65, 175 S.E. 2d 583 (1970) as dispositive of this issue. We disagree and find *Accor and Moore* distinguishable. In that case, photographs by which defendants were identified were indeed held inadmissible on the grounds they were taken in violation of defendants' Fourth and Fourteenth Amendment rights. The court's ruling was based upon the fact the defendants were picked up and brought to the police station without a warrant and without probable cause. The evidence was silent as to the circumstances under which defendants were picked up and there was no evidence that either defendant voluntarily accompanied the officers. Prior to the issuance of warrants for their arrest or collection of sufficient evidence to support probable cause of their guilt of any crime, the defendants were photographed.

In the case *sub judice*, there was sufficient evidence to find that the defendant was legally detained prior to being photo-

graphed. The State put forth evidence that the defendant was a passenger in a car stopped by Officer Haigh. Officer Haigh asked the defendant to step from the car, whereupon she noticed an impression in his right back pocket. The officer then seized a gun from defendant's right back pocket. The seizure of the gun was not due to an unreasonable search or seizure nor does defendant contend it was. *See Terry v. Ohio*, 392 U.S. 1, 20 L.Ed. 2d 889, 888 S.Ct. 1868 (1968). The State's evidence further showed that the defendant was placed in Officer Haigh's police car and fully searched by another officer. Defendant was later charged with carrying a concealed weapon. Based upon the foregoing evidence, we must conclude that the defendant was lawfully detained when his picture was taken; therefore, defendant's constitutional rights were not violated. Defendant's contention is therefore without merit.

[2] Defendant's second contention is that the pre-trial identification made by Cheryl Jones violated his rights to due process guaranteed by the Fifth and Fourteenth Amendments. It is settled law that identification evidence must be excluded as violating the due process clause where the facts of the case reveal a pre-trial identification procedure so impermissibly suggestive that there is a substantial likelihood of irreparable misidentification. *State v. Thompson*, 303 N.C. 169, 171, 277 S.E. 2d 431, 433 (1981). If, however, there is a finding that the pre-trial identification procedure was not impermissibly suggestive then the court's inquiry is at an end and the credibility of the identification evidence is for the jury to weigh. *State v. Green*, 296 N.C. 183, 250 S.E. 2d 197 (1978).

In the case at bar, the trial court held a *voir dire* hearing and concluded that the photographic lineup procedure was not unduly suggestive, in fact, that it was not suggestive at all. The court found that Ms. Jones (1) had an opportunity on 7 July 1983 to observe the defendant for about an hour, while the daylight was full; (2) that she observed the defendant's face for a period of ten or fifteen minutes; (3) that about ten to fifteen minutes after reporting she was robbed, the police gave Ms. Jones three to four hundred photographs to view; that the defendant's picture was not among the three to four hundred she viewed; that seven to eight hours after having reported the incident, she viewed six photographs and identified State's Exhibit No. 1 for *voir dire* as

the defendant; (4) that the six photographs placed before her on a table were all black males of approximately the same age or similar appearance, facial features, and there were no distinguishing clothing or marks as to the defendant and indeed he was not in the attire in which he had been described as wearing to wit: light t-shirt and a hat. There were others of the persons photographed in light t-shirts, the defendant was not in the photograph; (5) that the victim observed the defendant as closely as she could without arousing suspicion that she was observing him, so she could in fact identify him; (6) that she observed the defendant was carrying a small caliber pistol. The defendant was arrested with a small caliber pistol. The findings of fact made by the trial court as to identification procedures are conclusive on appeal if supported by competent evidence in the record. *State v. Watson*, 294 N.C. 159, 240 S.E. 2d 440 (1978). We find there was competent evidence in the record to support the trial court's findings of fact. The identification evidence was properly admitted and its credibility was for the jury. Defendant's second contention is without merit.

[3] Defendant assigns as error the admission of the pre-trial identification made by Edward Armstrong as being violative of his rights to Due Process of Law guaranteed by the Fifth and Fourteenth Amendments. We disagree. The trial court held a *voir dire* hearing outside the presence of the jury. The trial court made findings of facts, which are not disputed by the defendant. The court found, *inter alia*, that Mr. Armstrong was presented with State's Exhibit No. "3," six photographs of persons already identified in this record and from that group chose only one photograph, that being the photograph of the defendant. The court also found that no indication was made to the witness, Armstrong, of any particular photograph by the presenting officer and that the presentation was made some two weeks after the incident. Again, the trial court concluded that there was no unduly suggestive identifications of the defendant's photograph. Once the trial court concluded that the pre-trial identification procedure was not unduly suggestive, then its inquiry was at an end. *State v. Green, supra*. The admission of the pre-trial identification by Edward Armstrong was properly admitted and defendant's contention is without merit.

Finally, we deal with the issue of allowing extraneous and repetitious matters to be covered by the State during its rebuttal. The admission of additional evidence is within the discretion of the trial judge. G.S. 15A-1226(b).

> G.S. 15A-1226(b) specifically provides that the trial judge may exercise his discretion to permit any party to introduce additional evidence at any time prior to the verdict. This is so even after arguments to the jury have begun and even if the additional evidence is testimony from a surprise witness. (Citations omitted.)

*State v. Revelle*, 301 N.C. 153, 270 S.E. 2d 476 (1980). The trial court's ruling will not be disturbed absent a showing of gross abuse of discretion. *State v. Carson*, 296 N.C. 31, 249 S.E. 2d 417 (1978). We have reviewed the entire record in light of defendant's contention and we fail to find any such abuse.

No error.

Chief Judge VAUGHN and Judge WHICHARD concur.

(Former Chief Judge VAUGHN concurred in the result reached in this case prior to 31 December 1984.)