STATE OF NORTH CAROLINA v. VIRGIL BRUCE ROBINSON

No. 8425SC485

(Filed 5 March 1985)

### 1. Criminal Law § 138— course of conduct aggravating factor—insufficient evidence

In sentencing defendant for felonious attempt to burn a dwelling and felonious burning of personal property, the preponderance of the evidence did not support the trial court's finding as an aggravating factor that the two offenses were part of a "course of conduct" during which defendant had previously burned a barn where defendant admitted to an S.B.I. agent that he set fires in a dwelling and a shed but denied that he had burned the barn, the agent testified that he was unable to determine the cause of the barn fire, and the evidence tended to show that the barn burning was accidental. G.S. 15A-1340.4(a), (b).

### 2. Criminal Law § 138— mitigating circumstance—voluntary acknowledgment of wrongdoing—finding required

The trial court erred in failing to find as a mitigating factor that prior to arrest or at an early stage of the criminal process the defendant voluntarily acknowledged wrongdoing in connection with the offenses to a law enforcement officer, G.S. 15A-1340.4(a)(2)(l), where the evidence showed that defendant was interviewed by an S.B.I. agent who informed him that he was not under arrest but was free to leave, and defendant voluntarily admitted in some detail that he intentionally set two fires for which he was convicted.

### 3. Criminal Law § 138— mitigating factor—mental condition reducing culpability —insufficient evidence

The evidence did not require the trial court to find as a mitigating factor that defendant was suffering from a mental condition that significantly reduced his culpability for the offense, G.S. 15A-1340.4(a)(2)(d), where it tended to show that defendant suffers from a personality disorder and has a history of mental instability, and that a psychiatric report prepared in connection with this case concluded that defendant did not have a mental defect or disorder which would have prevented him from distinguishing right from wrong with respect to the current charges.

### 4. Criminal Law § 138— mitigating factor—absence of criminal convictions— statement by prosecutor

The trial court was required to find as a mitigating factor that defendant had no record of criminal convictions based upon a statement by the prosecutor that "we do not have any record in this case of prior convictions of the defendant."

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 13 December 1983 in Superior Court, CATAWBA County. Heard in the Court of Appeals 5 February 1985.

On 17 August 1983, 21 August 1983 and 19 September 1983, fires occurred on the Virgil Robinson farm in Catawba County. They were investigated by North Carolina State Bureau of Investigation Agent David Campbell.

On 17 August a barn was burned and totally destroyed. Agent Campbell did not determine the cause of fire in that building.

On 21 August, fire occurred in the home of Virgil and Catherine Robinson, defendant's parents. The fire was in a closet beneath a stairwell, and charred the floor of the closet and items within the closet. Agent Campbell testified that because the closet door was closed the fire did not spread to the rest of the house.

On 19 September, a shed containing tools and other personal property was burned.

On 21 September 1983 Agent Campbell interviewed defendant at the Catawba County Fire Marshall's office. Agent Campbell informed defendant he was not under arrest and that he was free to leave the Fire Marshall's office at any time. Defendant chose not to remain silent, but voluntarily admitted that he intentionally set the fire in his parents' residence on 21 August 1983 and in the shed or outbuilding on 19 September 1983. Defendant denied setting fire to the barn on 17 August 1983.

The defendant was charged with first degree arson for the burning of his parents' home on 21 August 1983 and with burning of an outbuilding on 19 September 1983. Pursuant to a plea bargain arrangement, he pled guilty to felonious attempted burning of a dwelling and felonious burning of personal property, each having a presumptive term of 3 years.

The trial judge sentenced defendant to ten years in prison, after finding as an aggravating factor that "this offense was part of a course of conduct where an outbuilding was set on fire and burned by the defendant a few days early to the commission of these offenses." The trial judge declined to find any mitigating factors.

Defendant appeals as of right this imposition of a sentence in excess of the presumptive sentence.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General John F. Maddrey, for the State.*

*Samuel P. Moose for defendant appellant.*

ARNOLD, Judge.

[1]  Defendant contends that the trial judge erred in finding as a factor in aggravation that "this offense was part of a course of conduct where an outbuilding was set on fire and burned by the defendant a few days early to the commission of these offenses." Defendant argues that this factor was not supported by a preponderance of the evidence. We agree.

Under the Fair Sentencing Act, if after considering the statutory aggravating and mitigating factors and any other factors proved by a preponderance of the evidence and reasonably related to the purposes of sentencing, the trial judge imposes a prison term for a felony that differs from the presumptive term, he must list in the record each factor in aggravation or mitigation that is proved by a preponderance of the evidence. G.S. 15A-1340.4(a), (b). If the trial judge lists an aggravating factor as supporting a sentence in excess of the presumptive term, then this must be supported by a preponderance of the evidence.

In the present case the trial judge increased defendant's sentence beyond the presumptive because he engaged in a "course of conduct." The trial judge described this "course of conduct" as "where an outbuilding was set on fire and burned by defendant a few days early to the commission of these offenses." By "these offenses" the trial judge apparently referred to those to which the defendant pled guilty, and by the outbuilding burned a few days prior to the commission of "these offenses" the judge apparently meant the barn burned on 17 August 1983.

Our review of the record indicates that the evidence does not show by a preponderance that defendant engaged in a course of conduct whereby he set the barn on fire, and then the house and shed. Special Agent David Campbell of the State Bureau of Investigation (S.B.I.) testified that he was not able to determine what caused the fire in the barn. In his pre-arrest interview with Agent Campbell, defendant stated that he did not set the barn on

fire, and that he got the idea of burning the house and shed from seeing the barn burn. At another point he said he may have been indirectly responsible: "In a way I set the barn on fire too. There were cigarettes and matches in the couch. We burned some trash earlier that day and it may have caught from that." He later said, "I did not burn the barn. Dad was burning trash that day." The evidence tends to show that the barn burning was accidental. A "course of conduct" in which defendant burned the barn and then set fires in the house and shed was therefore not proved by a preponderance of the evidence.

Given this error in the finding in aggravation, and the imposition of a sentence beyond the presumptive term, this case must be remanded for a new sentencing hearing. *State v. Ahearn*, 307 N.C. 584, 602, 300 S.E. 2d 689, 701 (1983).

While under *Ahearn* the trial judge's error in the finding of an aggravating factor is sufficient to require a new sentencing hearing, in the interests of judicial efficiency and as an aid in resentencing we will also address defendant's contentions as to the trial judge's failure to find any mitigating factors. The trial judge has a responsibility, when he gives a sentence other than the presumptive term, to consider each *statutory* factor in light of the evidence presented. The failure of the defendant to request that he consider a particular statutory factor or to give evidence in the sentencing phase in support of that factor does not remove the judge's duty under the Act to consider each factor. If the State presents evidence proving by a preponderance a mitigating statutory factor, then it makes no difference that defendant's counsel has presented no additional evidence or has not requested the judge to consider that factor. If the trial judge wishes to pass a sentence other than the presumptive then he *must* consider and find that factor.

[2] In the present case, we agree that the trial judge erred in failing to find the statutory mitigating factor set out in G.S. 15A-1340.4(a)(2)(l): that prior to arrest or at an early stage of the criminal process the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer. We make this conclusion even though the defendant presented no evidence and did not request that this factor be found.

The State's evidence showed that on 21 September 1983 S.B.I. Agent Campbell interviewed defendant at the Catawba County Fire Marshall's office. Agent Campbell informed the defendant that he was not under arrest but that he was free to leave the Fire Marshall's office. Defendant chose not to exercise his right to remain silent, but voluntarily admitted in some detail that he intentionally set fire to the house and the shed. The State thus presented uncontradicted and credible evidence, *see State v. Jones*, 309 N.C. 214, 218-19, 306 S.E. 2d 451, 454-55 (1983), that defendant voluntarily acknowledged wrongdoing to a law enforcement officer prior to arrest. Statutory factor G.S. 15A-1340.4 (a)(2)(l) was obviously supported by a preponderance of the evidence and the trial judge's failure to find it was plain error.

[3] As to statutory factor G.S. 15A-1340.4(a)(2)(d), that defendant was suffering from a mental or physical condition that was insufficient to constitute a defense but significantly reduced his culpability for the offense, the evidence is not so clear. While there was evidence that defendant suffers from a personality disorder and has a history of mental instability, still, the psychiatric report prepared following defendant's examination at Dorothea Dix Hospital, in connection with this case, concludes that defendant did not have a mental defect or disorder which would have prevented him from distinguishing right from wrong with respect to the current charges. The trial judge did not err in declining to find factor 15A-1340.4(a)(2)(d).

[4] Finally, the trial judge did err in failing to find G.S. 15A-1340.4(a)(2)(a), that the defendant has no record of criminal convictions or a record consisting solely of misdemeanors punishable by not more than sixty days imprisonment. The assistant district attorney stated to the trial judge that "*we do not have any record in this case of prior convictions of the defendant.* Only things we have in the (sic) regard is worthless checks that he made the statement to Officer Campbell about." (Emphasis added.) The district attorney did more than merely say that he did not seek an aggravating factor as to prior convictions; rather, he declared that the State had found no record of prior convictions. This statement by the *prosecuting attorney* was as good evidence as any to prove the fact *of an absence of a record of prior convictions. See State v. Albert, Dearen & Mills*, No. 524A83, slip op. at 16 (N.C. January 8, 1985). *State v. Nichols*, 66 N.C. App. 318, 311

S.E. 2d 38, *disc. rev. denied*, 311 N.C. 406, 319 S.E. 2d 278 (1984), which involved a statement by a defense attorney, is distinguishable. The assistant district attorney's statement was competent to prove the mitigating factor, and it was credible and uncontradicted, *State v. Jones*, 309 N.C. 214, 218-19, 306 S.E. 2d 451, 454-55 (1983).

These two errors by the trial judge in finding mitigating factors also would be grounds for ordering resentencing.

We remand for a new sentencing hearing in accordance with this opinion.

Remanded for new sentencing hearing.

Judges EAGLES and PARKER concur.